UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         Case No. 1:17-CR-153

EXALTACION CARBAJAL-REYES,            Hon. Janet T. Neff

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pursuant to W.D. Mich. LCrR 11.1 and upon a request of the district court, I conducted a felony plea hearing in this matter on September 13, 2017, after receiving the written consent of the defendant, the defendant's attorney, and the attorney for the government. These consents were also placed on the record in open court.

Defendant is charged in a single-count Indictment with being illegally in this country after having been previously removed following a felony conviction. On the basis of this record, I found that defendant was competent to enter a plea of guilty and that his plea was knowledgeable and voluntary with a full understanding of each of the rights waived by the defendant, that the defendant fully understood the nature of the charge and the consequences of his plea, and that the defendant's plea had a sufficient basis in fact which contained all of the elements of the offense charged.

There was no written plea agreement in this case.

1

I accepted the plea of guilty, subject to final acceptance of the plea by the District Judge. I ordered the preparation of a presentence investigation report.

**Recommendation**

Based upon the foregoing, I respectfully recommend that the defendant's plea of guilty to the sole count of the Indictment be accepted, and that the court adjudicate the defendant guilty of that charge.

Dated: September 13, 2017 /s/ Ray Kent
RAY KENT
United States Magistrate Judge

NOTICE TO PARTIES

You have the right to *de novo* review by the district judge of the foregoing findings. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. *See* W.D. Mich. LCrR 11.1(b). A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Neuman v. Rivers,* 125 F.3d 315, 322-23 (6th Cir.), *cert. denied,* 522 U.S. 1030 (1997); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).